Frederick Coles, III, Esq. (FC – 1927)
LAW OFFICES OF FREDERICK COLES, III
770 Belvidere Avenue
Plainfield, New Jersey 070628
Tel. No. (908) 757-4977
Fax No. (908) 757-4975
Attorneys for Plaintiffs, Joyce Perry White
 and Taheerah Smart and Proposed Class Members

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOYCE PERRY WHITE and TAHEERAH SMART, <br><br> *Plaintiffs,* <br><br> vs. <br><br> RICK BUS COMPANY, <br><br> *Defendants.* | Civil Action No._____ <br><br> **CLASS ACTION COMPLAINT** <br> **JURY TRIAL DEMAND** |

Plaintiffs, Joyce Perry White, residing at 919 Quintin Avenue, Trenton, New Jersey 08629 and Taheerah Smart, residing at 4 Kingbury Square, Apt. 8B, Trenton, New Jersey 08611, by and through their attorneys, bring this Collective Action and Class Action Complaint against defendant, Rick Bus Company, on behalf of themselves and on behalf of all others similarly situated, and allege the following upon information and belief:

### I. INTRODUCTION

1. Plaintiffs bring this action against defendant, Rick Bus Company, for violations of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201, *et seq.,* and its implementing regulations and the New Jersey State Wage and Hour Law ("NJWPL"), N.J.S.A. 34:11-4.4 and 34:11-56a1, *et seq.,* and their implementing regulations.

2. Plaintiff, Joyce Perry White, is a part-time "bus driver" and other similarly situated current and former employees of defendant, Rick Bus Company, and plaintiff, Taheerah Smart, at all relevant times worked in the capacity of either a "standby employee" or "bus driver aide" and other similarly situated current and former employees of defendant, Rick bus Company, were required to record the time that they worked on a daily basis in accordance with 29 C.F.R. § 785.48.

3. Plaintiffs allege on behalf of themselves and all other similarly situated current and former employees of defendant, Rick Bus Company, that defendant, Rick Bus Company, willfully engaged and continues to engage in a policy and practice of "rounding" under 29 C.F.R. § 785.48(b) which results and resulted in failing to compensate plaintiffs and all other similarly situated current and former employees of defendant properly for all the time plaintiffs and said other employees worked. This policy and practice further results in defendant, Rick Bus Company, wrongfully withholding and/or diverting pay owed to its current and former employees for actual time worked for which its employees are entitled to be paid.

4. Plaintiffs allege on behalf of themselves and all other similarly situated current and former employees of defendant that defendant's acts and omissions (*i.e.,* the failure to pay plaintiffs and all other similarly situated current and former employees for all time worked) give rise to State of New Jersey common law causes of action sounding in breach of contract, conversion, fraud and unjust enrichment.

5. Plaintiffs allege on behalf of themselves and all other similarly situated current and former employees of defendant that they are entitled to recover: (1) unpaid wages from defendant for hours actually worked but for which they were not compensated and/or such payment

was wrongfully withheld and/or diverted in violation of applicable federal and state laws; (2) liquidated and other damages as permitted by state and federal laws; (3) applicable civil penalties as permitted by state laws; and (4) reasonable attorneys fees and costs.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and with respect to the state law claims, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a) because the state law claims form part of the same case or controversy.

7. Venue is proper under 28 U.S.C. § 1391(b)(1) because defendant's principal place of business is in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim(s) occurred in this district. In addition, plaintiffs live in the district and worked for defendant in this district during the class period.

## III. PARTIES

8. Plaintiff, Joyce Perry White, at all relevant times hereto, is a citizen and resident of Trenton, New Jersey, where she resides at 919 Quintin Avenue within the County of Mercer. Plaintiff is employed by defendant in the capacity of a part-time bus driver.

9. Plaintiff, Taheerah Smart, at all relevant times hereto, is a citizen and resident of Trenton, New Jersey, where she resides at 4 Kingsbury Square, Apt. 8B within the County of Mercer. Plaintiff, at all relevant times hereto, either is or was employed by defendant in the capacity of a "standby employee" or a "bus driver aide."

10. On information and belief, defendant, Rick Bus Company, is a corporation organized and existing pursuant to the laws of the State of New Jersey, and maintains its principal

3

offices located at 620 Pear Street, City of Trenton, County of Mercer, State of New Jersey 08648. Its primary business purpose is the maintenance and operation of a charter bus company along with the provision of bus services to school districts. Defendant employs individuals in both part-time and full time capacities as bus drivers and part-time employees in the capacity of "standy employees" and "bus driver aides."

## IV. CLASS ACTION ALLEGATIONS

11. Plaintiffs, Joyce Perry White and Taheerah Smart, bring this action on behalf of themselves and the Class pursuant to Federal Rule of Civil Procedure 23.

12. The Class is composed of in excess of one hundred individuals employed by defendant during the Class Period. Therefore, members of the Class are so numerous that joinder of all members is impracticable and disposition of their claims in a class action will provide substantial benefits both to the parties and the Court.

13. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to each of the Class predominate over questions which may affect only individual members of each of the Class, including the following:

   a. Whether defendant failed to adequately compensate the members of the Class for all hours worked as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* and its implementing regulations, 29 C.F.R. § 785.47 and 29 C.F.R. § 785.48.

   b. Whether the members of the Class have been damaged and, if so, the extent of such damages.

14. As employees of defendant, Rick Bus Company, which failed to adequately

compensate plaintiffs for all hours and/or portions of hours worked by plaintiffs, plaintiffs are asserting claims that are typical of the claims of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class and have no interest antagonistic to those of the other members of the Class.

15. Plaintiffs and the other members of the Class have suffered damages as a result of defendant's unlawful conduct. Because of the size of the claims of the individual members of the Class, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the members of the Class likely will not obtain redress of their injuries and defendant will retain the proceeds of its violations of the FLSA, 29 U.S.C. § 201, *et seq.,* and its implementing regulations, 29 C.F.R. § 785.47 and 29 C.F.R. § 785.48 and New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4.

## V. CLASS ACTION ALLEGATIONS

16. Plaintiff, Joyce Perry White, is employed by defendant, Rick Bus Company, in the capacity of a part-time bus driver and plaintiff, Taheerah Smart, was initially employed by defendant in the capacity of a part-time "standby employee" whose position has now been changed to that of a "bus driver aide."

17. Plaintiff's, Joyce Perry White, primary duties include (but are not limited to) driving buses supplied to her by defendant along routes designated and set by defendant.

18. Plaintiff's, Taheerah Smart, primary duties while employed by defendant as a "standby employee" included waiting to be assigned to a bus driver to work as a "bus driver aide," to perform certain assigned office work tasks, pump gas and general office cleaning services.

19. Pursuant to the contract of employment entered into between plaintiffs and defendant, defendant has agreed to pay plaintiffs an hourly wage for each hour and/or portion of an hour worked by plaintiffs during the course of each work week. Neither plaintiff is paid for the time that they are on their respective lunch breaks.

20. With respect to plaintiff, Taheerah Smart, on numerous instances, she had been called by defendant to report to work in a "standby employee" position but was not paid for all of the time that she worked in the capacity of a "standby employee" position. Similarly, plaintiff, Joyce Perry White, experiences downtime during the course of her employment with defendant when she is required to wait to be assigned a bus and route designated by defendant. On numerous occasions, plaintiff, Joyce Perry White, has not been paid for all of the time that she was "on call" for work, and, in other instances, not paid for all hours and/or portions of hours worked while employed by defendant.

21. Plaintiff, Taheerah Smart, in her capacity of a part-time "bus driver aide" is not paid for all hours or portions of hours worked by defendant.

22. Plaintiffs regularly work part-time weeks, however, defendant, has willfully and knowingly not paid plaintiffs for each hour or portions of hours that they worked during numerous work weeks during the period of time for which plaintiffs have been employed by defendant.

23. Similarly, members of the Class who also worked in part-time capacities with defendant as "standby employees," "bus driver aides," and/or "bus drivers" have not been paid for all hours or portions of hours worked during numerous work weeks.

24. Defendant in violation of federal and state law willingly and knowingly

withheld and/or diverted monies due and owing to plaintiffs and the class members for hours and portions of hours worked by systematically issuing paychecks to said plaintiffs and class members that set forth the total number of hours worked during certain work weeks in an amount less than the number of hours worked and recorded on said employees' Weekly Time Sheets. The Weekly Time Sheets are signed and verified by individuals employed by defendant in the capacity of a supervisor.

25. Neither plaintiffs nor any members of the class received any additional compensation from defendant. Plaintiffs and all class members were only to be compensated at their respective hourly rate for each hour or portion of an hour worked while employed with defendant.

26. Defendant knew that is was not paying plaintiffs and the members of the class for all hours or portions of hours worked in violation of federal and state laws.

## COUNT I
### Restitution for Failure to Pay for Work Performed
### (Violation of FLSA, 29 U.S.C. § 201, *et seq.*)

27. Plaintiffs repeat and reallege the allegations set forth in all prior paragraphs and incorporate same herein as though set forth verbatim and at length.

28. 29 C.F.R. § 785.48(b), is an implementing regulation that was established and enacted pursuant to 29 U.S.C. § 201, *et seq.,* and, as such, it expressly provides that:

> (b) ``Rounding" practices. It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work. For enforcement purposes this practice of computing working time will be accepted, ***provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked***.

7

(Emphasis added).

29. Here, on information and belief, defendant, Rick Bus Company, has engaged in the aforementioned "rounding" practice which has resulted in the failure to compensate plaintiffs and members of the class for all the time they have actually worked.

30. On information and belief, the "rounding" practices undertaken by defendant deprived and/or deprives plaintiffs and the class members of sums of compensation for hours and portions of hours for which they actually worked.

31. Defendant, through its "rounding practices," routinely pays plaintiffs and class member by way of paychecks that reflect hours worked in approximate amounts ranging from approximately 2 hours through 0.25 hours of time worked less than the hours reflected on said employees' Weekly Time Sheets which have been signed and verified by the employees' supervisor(s).

32. Neither plaintiffs nor the class members fall within any category of exempt employees which would entitle defendant to pay them compensation at an hourly rate for less hours or portions of hours worked.

33. As a result of defendant's willful failure to pay plaintiffs and the class members for all hours and portions of hours worked, plaintiffs and the class members were damaged in an amount to be proven at trial.

34. Therefore, plaintiffs demand that they and the members of the class be paid compensation for all hours and portions of hours worked as required by the FLSA for which they were not paid, plus interest and attorneys' fees as provided by law.

## COUNT II
### Restitution for Failure to Pay for Work Performed
### (Violation of N.J.SA. 34:11-4.4)

35. Plaintiffs repeat and reallege the allegations set forth in all prior paragraphs and incorporate same herein as though set forth verbatim and at length.

36. N.J.S.A. 34:11-4.4 expressly provides that: "[n]o employer may withhold or divert any portion of an employee's wages unless: (a) [t]he employer is required or empowered to do so by New Jersey or United States law."

37. N.J.S.A. 34:11-4.4(b) contains subparts numbered (1) through (11) which identify assorted and various legitimate and legal grounds for allowing employers to withhold and/or divert sums from their employees' wages.

38. None of the subparts identified in N.J.S.A. 34:11-4.4(b) are applicable to the claims asserted herein by plaintiffs or any other similarly situated class members.

39. In this action, neither plaintiffs nor the other class members are alleging or even suggesting that the compensation which was withheld and/or diverted from them by defendant was lawful or legal.

40. Moreover, none of the alleged diversions and/or withholding of plaintiffs' and the class members' wages alleged herein qualify as legal or lawful withholdings as set forth in N.J.S.A. 34:11-4.4(b) which expressly provides:

> (1) Contributions authorized either in writing by employees, or under a collective bargaining agreement, to employee welfare, insurance, hospitalization, medical or surgical or both, pension, retirement, and profit-sharing plans, and to plans establishing individual retirement annuities on a group or individual basis, as defined by section 408(b) of the federal Internal Revenue Code of

1986 (26 U.S.C. § 408(b)), or individual retirement accounts at any State or federally chartered bank, savings bank, or savings and loan association, as defined by section 408(a) of the federal Internal Revenue Code of 1986 (26 U.S.C. § 408(a)), for the employee, his spouse or both.

(2) Contributions authorized either in writing by employees, or under a collective bargaining agreement, for payment into company-operated thrift plans; or security option or security purchase plans to buy securities of the employing corporation, an affiliated corporation, or other corporations at market price or less, provided such securities are listed on a stock exchange or are marketable over the counter.

(3) Payments authorized by employees for payment into employee personal savings accounts, such as payments to a credit union, savings fund society, savings and loan or building and loan association; and payments to banks for Christmas, vacation, or other savings funds; provided all such deductions are approved by the employer.

(4) Payments for company products purchased in accordance with a periodic payment schedule contained in the original purchase agreement; payments for employer loans to employees, in accordance with a periodic payment schedule contained in the original loan agreement; payments for safety equipment; payments for the purchase of United States Government bonds; and payments to correct payroll errors; provided all such deductions are approved by the employer.

(5) Contributions authorized by employees for organized and generally recognized charities; provided the deductions for such contributions are approved by the employer.

(6) Payments authorized by employees or their collective bargaining agents for the rental of work clothing or uniforms or for the laundering or dry cleaning of work clothing or uniforms; provided the deductions for such payments are approved by the employer.

(7) Labor organization dues and initiation fees, and such other labor organization charges permitted by law.

(8) Contributions authorized in writing by employees, pursuant to a collective bargaining agreement, to a political committee, continuing political committee, or both, as defined in section 3 of

        P.L.1973, c. 83 (C. 19:44A-3), established by the employees' labor union for the purpose of making contributions to aid or promote the nomination, election or defeat of any candidate for a public office of the State or of a county, municipality or school district or the passage or defeat of any public question, subject to the conditions specified in section 2 of P.L.1991, c. 190 (C. 34:11-4.4a).

    (9)    Contributions authorized in writing by employees to any political committee or continuing political committee, other than a committee provided for in paragraph (8) of this subsection, for the purpose of making contributions to aid or promote the nomination, election or defeat of any candidate for a public office of the State or of a county, municipality or school district or the passage or defeat of any public question, subject to the conditions specified in section 2 of P.L.1991, c. 190 (C. 34:11-4.4a); in making a payroll deduction pursuant to this paragraph the administrative expenses incurred by the employer shall be borne by such committee, at the option of the employer.

    (10)    Payments authorized by employees for employer-sponsored programs for the purchase of insurance or annuities on a group or individual basis, if otherwise permitted by law.

    (11)    Such other contributions, deductions and payments as the Commissioner of Labor may authorize by regulation as proper and in conformity with the intent and purpose of this act, if such deductions are approved by the employer.

41. Plaintiffs and the class members assert that they worked hours which they reported on their Weekly Time Sheets which were signed and verified by their respective supervisors, yet their paycheck reflected a number of hours less than the hours contained and set forth on their Weekly Time Sheets in violation of N.J.S.A. 34:11-4.4.

42. As a result of defendant's willful failure to pay plaintiffs and the class members for all hours and portions of hours worked, plaintiffs and the class members were damaged in an amount to be proven at trial.

43. Therefore, plaintiffs demand that they and the members of the class be paid

compensation for all hours and portions of hours worked as required by the New Jersey State Wage and Hour Law for which they were not paid, plus interest and attorneys' fees as provided by law.

## COUNT III
### (Breach of Contract)

44. Plaintiffs repeat and reallege the allegations set forth in all prior paragraphs and incorporate same herein as though set forth verbatim and at length.

45. Plaintiffs and the class members entered into contractual arrangements with defendant which set forth the hourly rate that each employee would be paid for work performed at the direction and insistence of defendant.

46. Plaintiffs and the class members relied upon the contractual arrangements that they each entered into with defendant with the belief and reasonable expectation that they would be paid for each hour or portion of an hour worked at the agreed upon hourly rate set forth in his or her contractual arrangement with defendant.

47. At no time did plaintiffs or members of the class authorize defendant to compensate them in the form of wages for hours fewer than actually worked.

48. By virtue of the foregoing facts, circumstances and allegations, defendant, Rick Bus Company, has intentionally and maliciously breached its contract of employment with plaintiffs and the class members as well as the implied covenant of good faith and fair dealing which is inherent in all of the contracts entered into between the parties.

49. As a direct and proximate result of the foregoing facts, plaintiffs and the class member were damaged and/or are continuing to be damaged.

50. As a result of defendant's willful failure to pay plaintiffs and the class

members for all hours and portions of hours worked, plaintiffs and the class members were damaged in an amount to be proven at trial.

## COUNT IV
### (Unjust Enrichment)

51. Plaintiffs repeat and reallege the allegations set forth in all prior paragraphs and incorporate same herein as though set forth verbatim and at length.

52. Defendant, Rick Bus Company, as a result of wrongfully and illegally withholding compensation from plaintiffs and the class members for hours and portions of hours actually worked has become unjustly enriched to the detriment of plaintiffs and the class members.

53. As a direct and proximate result of the foregoing facts, plaintiffs and the class member were damaged and/or are continuing to be damaged.

54. As a result of defendant's willful failure to pay plaintiffs and the class members for all hours and portions of hours worked, plaintiffs and the class members were damaged in an amount to be proven at trial.

## COUNT V
### (Conversion)

55. Plaintiffs repeat and reallege the allegations set forth in all prior paragraphs and incorporate same herein as though set forth verbatim and at length.

56. Defendant, Rick Bus Company, acted intentionally or in reckless disregard of probable consequences in the exercise of its dominion and control over plaintiffs' and the class members' wages when it unilaterally failed to compensate plaintiffs and the class members for all hours and portions of hours worked.

57. Defendant, through either its "rounding" practices and/or its wrongfully and

illegal withholding and/or diversion practices deprived plaintiffs and the class members of their full ownership right, usage and enjoyment of the full compensation in the form of wages they were entitled to receive for the work that they performed at the direction and insistence of defendant.

58. As a direct and proximate result of defendant's, Rick Bus Company, acts of conversion and the injuries resulting from those acts, plaintiffs and the class members lost the intrinsic value of their property and suffered economic damages.

59. As a result of defendant's willful failure to pay plaintiffs and the class members for all hours and portions of hours worked, and defendant's conversion of the monies that it took from plaintiffs and the class members, plaintiffs and the class members were damaged in an amount to be proven at trial.

### COUNT VI
### (Fraud)

60. Plaintiffs repeat and reallege the allegations set forth in all prior paragraphs and incorporate same herein as though set forth verbatim and at length.

61. Plaintiffs and members of the Class relied upon the statements and representations of defendant at the time each individual was hired in their respective employment capacities with respect to the amount of their hourly wages and that they would be paid for all hours and portions of hours worked.

62. Plaintiffs and members of the Class based upon the statements and representations made to them by defendant at or around the time they applied for their respective employment positions as the basis for accepting employment with defendant on the terms and provisions provided to them by defendant.

14

63. Plaintiffs and member of the Class believing the representations and statements to be true, and with the intent of relying upon same were defrauded by defendant in that they were not paid for hours and portions of hours worked during numerous work weeks.

64. As a direct and proximate result of defendant's, Rick Bus Company, acts of fraud and the injuries resulting from those acts, plaintiffs and the class members suffered economic damages.

65. As a result of defendant's willful failure to pay plaintiffs and the class members for all hours and portions of hours worked resulting from defendant's fraudulent conduct, plaintiffs and the class members were damaged in an amount to be proven at trial.

## **PRAYERS FOR RELIEF**

Wherefore, plaintiffs, on behalf of themselves and other members of the Class defined herein, pray for judgment and relief as follows:

1. An order certifying that the action may be maintained as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

2. An order certifying that the action may be maintained as a class action on behalf of the Class pursuant to Rule 23;

3. Compensatory damages for the Class so as to compensate all members of the Class for all hours and portions of hours worked for defendant in an amount to be proven at trial;

4. Disgorgement of profits derived from defendant's improper "rounding practices," diversion and/or withholding of its employees' wages and defendant's use of said funds due and owed to plaintiffs and the members of the Class;

5. Reasonable attorneys' fees;

15

      6.     Cost of this suit;

      7.     Pre- and post-judgment interest; and

      8.     Such other and further relief as the Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the putative Class, demand a trial by jury on all issues so triable.

Dated: October 23, 2009            Respectfully submitted,

                                        LAW OFFICES OF FREDERICK COLES, III

                                        /s/ Frederick Coles, III

                  By:    _____
                            Frederick Coles, III, Esq.
                            LAW OFFICES OF FREDERICK COLES, III
                            770 Belvidere Avenue
                            Plainfield, New Jersey 07062
                            Tel. (908) 757.4977
                            Fax (908) 757-4975
                            Attorneys for Plaintiffs, Joyce Perry White and
                               Taheerah Smart, and the Proposed Class Members